PROCTORS MANUFACTURING CORPORATION, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JOSÉ M. CALDERÓN, JR., JUDGE, Respondent, FRANCISCO TIRELLI, Intervener.

No. 2156. Argued April 11, 1955.—Decided April 28, 1955.

174

*Leopoldo C. Delucca* and *Robert M. Baker* for petitioner.  *A. Figueroa Rivera* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On January 5, 1955, the Proctors Manufacturing Corp. filed in this Court a petition for certiorari against the Superior Court of Puerto Rico, San Juan Part.  It alleged, in brief, that on March 30, 1954, Francisco Tirelli filed a complaint in the District Court of Puerto Rico, Río Piedras Part, by virtue of which he claimed from petitioner the amount of $1,712.96, plus costs and attorney's fees; that the following August 5, and after a hearing on the merits, the aforesaid part of the District Court rendered judgment sustaining the complaint and awarding to complainant the amount of $1,351.50, plus costs and $250 for attorney's fees; that on the same day judgment was rendered, it was notified to the parties and that on August 10 petitioner appealed to the Superior Court of Puerto Rico, San Juan Part; that after holding the corresponding hearings the statement of the case was corrected and approved, and notified on October 21, 1954, to one of petitioner's attorneys; that the following November 23 Tirelli filed in the respondent court a motion to dismiss the appeal on the ground that up to that date the record of the case had not been filed; that in answer to that

motion, petitioner moved the court for leave to file the record of the case untimely, just as though it had been timely filed, stating the reasons why he had failed to file it on time; that on December 27, 1954, the respondent court, speaking through Judge J. M. Calderón, Jr., rendered a decision dismissing the appeal and ordering that the record be remanded to the lower court for pertinent action; that the respondent court erred in expressing itself in its dismissal order thus:

"The rules which govern appeals from the District Court to the Superior Court being conclusive, and since neither this Court nor the parties may extend the term fixed by the law, the failure to comply with those requirements deprived this Court of jurisdiction to entertain said appeal."

And that petitioner believes that the respondent court has inherent power to allow the record on appeal to be sent up untimely, said power not being limited in cases of extendible terms.

On January 12, 1955, we issued the writ of certiorari and at petitioner's request we held a hearing on April 11 in which we heard the parties on the question at issue.

Tirelli's action against petitioner herein was a claim for wages, filed pursuant to the provisions of Act No. 10 of November 14, 1917 (Spec. Sess. Laws, p. 216), as amended. Once judgment was rendered against defendant, the latter could appeal to the Superior Court within a period of five days pursuant to the provisions of §§ 3, 5, and 8 of the aforesaid Act No. 10 of 1917. *Secretary of Labor* v. *Superior Court*, 75 P.R.R. 792.[1] The judgment of the District Court having been rendered on August 5 and notice thereof

---

[1] We are deciding the question of law now before us in the manner it has been raised. For that purpose we accept that the "rules for appeals from the District to the Superior Court of the Commonwealth of Puerto Rico," approved by this Court—see § 19 of Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30) —to go into effect on October 15, 1952, are applicable to a case of a claim of wages like the one which has given rise to the petition for certiorari now before us. *Cf. Secretary of Labor* v. *Superior Court*, 75 P.R.R. 792.

having been filed in the record on the day noted, the appeal of August 10 was timely filed.

Pursuant to Rule No. 5 of the aforesaid rules, "within twenty (20) days after the notice of appeal is filed, the district judge who tried the case shall deliver to the Secretary, as a part of the record on appeal, a written summary of everything which transpired in the case, unless the appellant informs the judge in writing within five (5) days after the appeal is filed that he will prepare a transcript of the evidence in lieu of the said summary." That summary of the case was timely filed and, as recited in the petition for certiorari, its approval was notified to one of petitioner's attorneys on October 21, 1954. After the judge who presided over the case decides the objections—the aforesaid rule further provides—"it shall be the duty of the appellant to have the record on appeal sent to the Superior Court through the Secretary of the court within the following five (5) days," and if this record is not sent to the Superior Court within that period *or any extension thereof*, the appeal shall be dismissed.

Considering that, notwithstanding the fact that the objections filed were decided and the summary of the case was approved, appellant—petitioner herein—had not sent up the transcript of the record, the workman-appellee requested, on the following November 23, the dismissal of the appeal. In answer to that motion to dismiss, petitioner filed in the Superior Court on December 3 of that year a motion for leave to file the record of the case *nunc pro tunc* and, as we have seen, on December 27, 1954, the respondent court rendered a decision, the pertinent part of which reads as follows:

"The record shows that after the period for sending up the record had long expired and by virtue of plaintiff-appellee's motion to dismiss the appeal, defendant-appellant requested leave to do so 'nunc pro tunc.'

"Rule No. 5 governing appeals from the District Court to the Superior Court provides that within five (5) days after

having approved the summary of the case or within any extension granted, appellant shall send up the record on appeal, and if he fails to do so, the court, *motu proprio,* or at appellee's request, shall dismiss the appeal.

"The rules which govern appeals from the District Court to the Superior Court being conclusive, *and since neither this Court nor the parties may extend the terms fixed by the law, the failure to comply with those requirements deprived this Court of jurisdiction to entertain said appeal.*" (Italics ours.)

The trial court erred in concluding that the failure to comply with the provisions of the rules which govern appeals from the District Court to the Superior Court deprives the latter of jurisdiction to entertain the appeal. The sixth paragraph of the aforesaid Rule No. 5 is, in our opinion, clear and conclusive. This, as we have previously indicated, is to the effect that if the record on appeal is not sent to the Superior Court within the term of five days mentioned in the previous paragraph in the same rule, or "any extension thereof (by the Superior Court), the appeal shall be dismissed." It is evident that the term of five days to which this rule refers is not a fatal term, but one that by express provision of the context of the rule is extendible in the discretion of the Superior Court. As stated in *Vigio* v. *Cartagena,* 70 P.R.R. 566, 568 "since for appeals there exists only an unextendible jurisdictional term which is the one prescribed by law for the bringing of the appeal. The remaining ones, unless otherwise provided by law, are extendible." The term of five days to send the transcript of the record from the District to the Superior Court was extendible, we repeat, pursuant to the clear language of the aforesaid Rule No. 5. Consequently, the respondent court erred in concluding that failure to comply with the provisions of that rule deprived it of jurisdiction to entertain the appeal.

Whether, upon remand of the record now before us, the respondent court should sustain or overrule the motion for leave to file the record of the case *nunc pro tunc,* as it was

requested on December 3, 1954, is a question that falls entirely within its sound discretion.

The order entered by the respondent court on December 27, 1954, should be set aside and the case remanded to said court for further proceedings consistent with this opinion.